UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JULIUS WARDLAW | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : |
| PHILADELPHIA POLICE OFFICER | : |
| MARQUES NEWSOME, Badge #6810 | : |
| and | : **JURY TRIAL DEMANDED** |
| PHILADELPHIA POLICE OFFICER | : |
| RICHARD PACELL, Badge #8168 | : |
| and | : |
| PHILADELPHIA POLICE OFFICER | : |
| CHRISTOPHER SHARAMATEW, Badge #3490 | : |
| and | : |
| POLICE COMMISSIONER SYLVESTER M. JOHNSON | : |
| and | : |
| CITY OF PHILADELPHIA POLICE DEPARTMENT | : |
| and | : |
| CITY OF PHILADELPHIA | : |

**CIVIL ACTION COMPLAINT**

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983 and under the common law of the Commonwealth of Pennsylvania.

2.      This Court has jurisdiction of this action under 42 U.S.C. § 1983 and 28 U.S.C. § 1331.  Plaintiff further invokes supplemental jurisdiction of this Court to hear and decide claims arising under state law.

**PARTIES**

3.      Plaintiff is **JULIUS WARDLAW**, an adult individual residing at 7035 Glenloch Street in Philadelphia, Pennsylvania.

4. Defendant is **OFFICER MARQUES NEWSOME, Badge #6810**, an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was among the officers who arrested the plaintiff, Julius Wardlaw, on June 2, 2006.

5. Defendant is also **OFFICER RICHARD PACELL**, **Badge #8168**, an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was among the officers who arrested the plaintiff, Julius Wardlaw, on June 2, 2006.

6. Defendant is **OFFICER CHRISTOPHER SHARAMATEW, Badge #3490,** an adult individual employed as a police officer for the City of Philadelphia who is employed in such capacity at all times material hereto and who was among the officers who participated in the beating of the plaintiff, Julius Wardlaw, on June 2, 2006.

7. Defendant is former **PHILADELPHIA POLICE COMMISSIONER SYLVESTER M. JOHNSON,** (hereinafter "Commissioner"), who, at all times material hereto, was the Chief of Police for defendant, City of Philadelphia Police Department, to whom the defendant, City of Philadelphia, had delegated responsibility for administering the day to day functions of the Police Department and supervising the activities of the Police Department Personnel who, at all times relevant, was acting within the course and scope of his employment as Police Commissioner for the City of Philadelphia Police Department, discharging his duties as police officer and commissioner of the said police department, with an address of c/o Police Administration Building, 6th & Race Streets in Philadelphia, Pennsylvania.

8. Defendant is the **CITY OF PHILADELPHIA** a municipal corporation organized and existing under the laws of the Commonwealth of Pennsylvania with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania

9. Defendant is the **CITY OF PHILADELPHIA POLICE DEPARTMENT**, (hereinafter "police department") a municipal department of the County of Philadelphia, which at all times relevant was the employer of defendant Philadelphia Police Officers, with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania.

10. Defendant is also **CITY OF PHILADELPHIA**, a city of the first class located in the County of Philadelphia, organized and operating pursuant to state and local laws, in its capacity as the employer of the defendant Philadelphia Police Officers, with an address of c/o City Law Department, 1515 Arch Street in Philadelphia, Pennsylvania.

## FACTS

11. At all times material hereto, defendants, Officer Marques Newsome, Badge #6810, Officer Richard Pacell, Badge #8168, Officer Christopher Sharamatew, Badge #3490, were police officers of the City of Philadelphia and were acting in their capacities as agents, servants, workman and employees of these entities under their direction and control and were acting pursuant to either official policy or the custom, practice and usage of the City of Philadelphia's Police Department.

12. Defendant, City of Philadelphia, in this cause, acted through its agents, employees and servants who was or were the policymakers for the City of Philadelphia and for its employees including defendants, Officer Marques Newsome, Badge #6810, Officer Richard Pacell, Badge #8168, Officer Christopher Sharamatew, Badge #3490, along with other officers involved in the arrest and/or beating of plaintiff, Julius Wardlaw, on or about June 2, 2006.

13. On June 2, 2006 at approximately 12:45 a.m., the plaintiff, Julius Wardlaw, was arrested by officers, including defendants, Officer Marques Newsome, Badge #6810, Officer Richard Pacell, Badge #8168 and Officer Christopher Sharamatew, Badge #3490, of the City of Philadelphia's police department

14. Upon apprehending the plaintiff, the defendants herein, Officer Marques Newsome, Badge #6810, Officer Richard Pacell, Badge #8168 and Officer Christopher Sharamatew, Badge #3490, subjected Plaintiff to unreasonable, unnecessary and excessive physical force which included but was not limited to after Plaintiff was handcuffed and, while he remained handcuffed, was punched by one of the defendant police officers and while he remained handcuffed, a defendant police officers also stepped upon the plaintiff's chest and neck.

15. As a result of the above assaults, the plaintiff sustained personal injuries including but not limited to left eye periorbital hematoma, left eye subconjunctival hemorrage, various contusions and bruises upon his body and other diverse injuries.

16. After the plaintiff was arrested by Philadelphia police officers he was subjected to unnecessary and unreasonable force and deprived of his liberty in violations of the civil rights guaranteed to him by the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. Section 1983, the application of which force was a factual cause of the injury to the plaintiff's person.

17. The foregoing actions of Philadelphia Police Officers, including but not limited to Officer Marques Newsome, Badge #6810, Officer Richard Pacell, Badge #8168 and Officer Christopher Sharamatew, Badge #3490, constituted a violation of the plaintiff's constitutional right to be free from the use of excessive force and a violation of his right to be free from summary punishment.

18. After the assault and battery inflicted upon him by the defendant police officers, the plaintiff suffered pain and suffering and endured humiliation and embarrassment.

19. As a direct and proximate result of the said acts, the plaintiff suffered injuries and damages including but not limited to the following:

      a) violation of his constitutional right to be free from the use of excessive force;

      b) violation of his right to be free from summary punishment;

  c) loss of physical liberty;

  d) physical pain and suffering;

  e) emotional upset and trauma;

  f) humiliation and embarrassment; *and*

  g) injury to his reputation.

All   entitling him to compensatory and punitive damages as set forth below


## COUNT I

## 42 U.S.C.§ 1983 AGAINST DEFENDANT OFFICERS

20. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth at length.

21. Plaintiff claims damages against defendants, Officer Marques Newsome, Badge #6810, Officer Richard Pacell, Badge #8168 and Officer Christopher Sharamatew, Badge #3490, as well as other City of Philadelphia Police Officers involved in the arrest and beating of the plaintiff, Juluis Wardlaw, individually and in their official capacities for the injuries and damages set forth above under 42 U.S.C. § 1983 for violation of plaintiff's constitutional rights under color of state law.

## COUNT II

## ASSAULT AND BATTERY AGAINST DEFENDANT OFFICERS

22. Paragraphs 1 through 19 are incorporated herein by reference as though fully set forth at length.

23. Defendant Philadelphia Police Officers involved in the detention and beating of plaintiff, Julius Wardlaw, including but not limited to Officer Marques Newsome, Badge #6810, Officer Richard Pacell, Badge #8168 and Officer Christopher Sharamatew, Badge #3490, assaulted and battered the plaintiff after he was arrested.

24. As a result of this assault and battery, plaintiff suffered the aforesaid injuries and damages.

## COUNT III

**FEDERAL CIVIL RIGHTS VIOLATIONS, 42 U.S.C, § 1983 CLAIM AGAINST DEFENDANT, CITY OF PHILADELPHIA**

25. Paragraphs 1 through 19 are incorporated here by reference as though fully set forth at length.

26. As a direct and proximate result of defendants' conduct committed under color of state law, defendants deprived plaintiff, Julius Wardlaw, of his rights privileges and immunities under the laws and Constitution of the United States, plaintiff's rights to be free from unreasonable and excessive force, to be free from summary punishment, to be secure in his person and property and to due process of law. As a result, plaintiff suffered harm in violation of his rights under the law and Constitution of the United States, in particular 42 U.S.C. § 1983.

27. As a direct and proximate result of the acts of all defendants, plaintiff sustained physical injuries.

28. It was the policy and/or custom of the defendant, City of Philadelphia and City of Philadelphia Police Department, to tolerate, condone and, through inaction, encourage the unconstitutional conduct of police officers including most especially defendant City of Philadelphia Police officers, including but not limited to Officer Marques Newsome, Badge #6810, Officer Richard Pacell, Badge #8168 and Officer Christopher Sharamatew, Badge #3490, who defendant knew had committed similar acts of physical violence upon individuals while acting under the authority of his office and under color of state law.

29. The defendant, City of Philadelphia, has encouraged, tolerated, ratified and has been deliberately indifferent to the following patterns, practices and customs and to the need for more or different training, supervision, investigation or discipline in the areas of:

a. the abuse of police powers, including but not limited to the use of excessive

force, the use of summary punishment and deprivation of citizens' due process rights;

b. the failure of police officers to follow established policies and procedures regarding proper procedure for arrest;

c. proper procedures, in the manner in which prisoners are housed and processed so that they are not subject to physical abuse at the hands of police so that: i) employees of Defendant City of Philadelphia, including the defendant officers in this case, can be properly trained, supervised and disciplined for conduct related to the performance of their duties; ii) Defendant City of Philadelphia can properly monitor the conduct and performance of their employees to assure compliance with the laws and Constitutions of the United States and the Commonwealth of Pennsylvania; and iii) citizens such as Plaintiffs can determine the identities of those employees who subject them to constitutional violations under such circumstances as presented herein and thereby seek vindication of their constitutional and statutory rights; and

d. The failure of police officers to prevent, deter, report or take action against the unlawful conduct of other officers under such circumstances as presented herein.

30. Defendant, City of Philadelphia, failed to properly sanction or discipline officers, who are aware of and subsequently conceal and/or aid and abet violations of constitutional rights of citizens by other police officers, thereby causing and encouraging police, including the defendant officers in this case, to violate the rights of citizens such as the plaintiff.

31. By these actions, all defendants, acting in concert and conspiracy, have deprived the plaintiff of rights secured by the First, Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. §1983.

32. It was the policy or custom of the defendant, City of Philadelphia, to inadequately supervise and train its police officers thereby failing to adequately discourage further constitutional violations on the part of its officers/detectives.

33. The defendant, City of Philadelphia, failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as the plaintiff.

34. As a result of the above described policies and customs, police officers employed by the defendant, City of Philadelphia, including but not limited to the individual defendants herein, believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

35. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Philadelphia to the constitutional rights of persons within the City of Philadelphia and were the cause of the violations of plaintiff's rights as described herein.

## COUNT IV
## 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT, CITY OF PHILADELPHIA POLICE DEPARTMENT

36. Paragraphs 1 through 35 are incorporated here by reference as though fully set forth at length.

37. As a direct and proximate result of defendants' conduct committed under color of state law, plaintiff was deprived of his right to be free from unreasonable and excessive force, to be free from summary punishment and to be secure in his person and property and to due process of law. As a result, plaintiff suffered harm in violation of his rights under the law and Constitution of the United States, in particular 42 U.S.C. § 1983.

38. As a direct and proximate result of the acts of all defendants, plaintiff sustained physical injuries as enumerated herein.

39. It was the policy and/or custom of the defendant, City of Philadelphia Police Department, to tolerate, condone and, through inaction, encourage the unconstitutional conduct of police officers including most especially defendant City of Philadelphia Police Department officers involved in the arrest and assault and battery upon the plaintiff, Julius Wardlaw, including but not limited to Officer Marques Newsome, Badge #6810, Officer Richard Pacell, Badge #8168 and Officer Christopher Sharamatew, Badge #3490, who defendant, City of Philadelphia, knew had

committed similar acts of physical violence upon individuals while acting under the authority of their office and under color of state law.

40. It was the policy or custom of the defendant, City of Philadelphia Police Department, to inadequately supervise and train its police officers thereby failing to adequately discourage further constitutional violations on the part of its officers/captains.

41. The City of Philadelphia Police Department failed to properly sanction or discipline officers, who are aware of and conceal and/or aid and abet violations of constitutional rights of citizens by other Philadelphia Police Officers, thereby causing and encouraging Philadelphia police, including the defendant officers in this case, to violate the rights of citizens such as the plaintiff.

42. As a result of the above described policies and customs, police officers employed by the defendant, City of Philadelphia Police Department, including the individual defendants herein, believed their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

43. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the City of Philadelphia Police Department, including Defendant Johnson, to the constitutional rights of persons within the City of Philadelphia and were the cause of the violations of plaintiff's rights as described herein.

## COUNT V

## SUPPLEMENTAL STATE CLAIMS - ASSAULT AND BATTERY

44. Plaintiff incorporates by reference paragraphs 1 through 19 of his complaint.

45. The acts and conduct of the defendant officers in this cause of action constitutes assault, battery and intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania and this Court has supplemental jurisdiction to hear and adjudicate these claims.

## COUNT VI
## 42 U.S.C. § 1983 CLAIM AGAINST DEFENDANT, SYLVESTER M. JOHNSON

46. Plaintiff incorporates paragraphs 1 through 19 of his complaint by reference.

47. Commissioner Sylvester M. Johnson was charged with the responsibility for final policy making authority for the Police Department and also with supervising the actions of police officers in the Philadelphia Police Department including the defendant police officers who administered a beating to the plaintiff herein.

48. Commissioner Sylvester M. Johnson was derelict in his duties in formulating and exercising policies of the Police Department and on supervising officers within the police force and in such dereliction condoned constitutional violations such as complained of by plaintiff herein such that these violations constituted a custom, policy or practice of the defendant, City of Philadelphia.

WHEREFORE, the plaintiff requests that the Court:

    a) award compensatory damages to plaintiff against the defendants jointly and severally;

    b) award exemplary or punitive damages against the defendants;

    c) award reasonable costs and attorney's fees to the plaintiff; *and*

    d) award such other relief as the Court may deem appropriate.

                                JAFFE & HOUGH

                                By:   trh4061
                                    TIMOTHY R. HOUGH, ESQ.
                                    Attorney for plaintiff
                                    I.D. # 40898
                                    JAFFE & HOUGH
                                    1907 Two Penn Center Plaza
                                    15th Street & JFK Blvd.
                                    Philadelphia, PA 19102
                                    (215) 564-5200

Case 2:08-cv-02536-PD   Document 1   Filed 05/30/08   Page 11 of 11