IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JULIUS WARDLAW, | : | CIVIL ACTION |
|     Plaintiff | : | |
| | : | |
| vs. | : | NO. 08-2536 |
| | : | |
| PHILADELPHIA POLICE | : | |
| OFFICER MARQUES NEWSOME, | : | |
| et al., | : | |
|     Defendants | : | |

M E M O R A N D U M

**STENGEL, J.**                                                                                       **March 23, 2015**

      This is a civil rights action brought by Julius Wardlaw against three police officers of the Philadelphia Police Department, Sylvester Johnson, the Philadelphia Police Department, and the City of Philadelphia.  The plaintiff voluntarily dismissed the Police Department, Sylvester Johnson, and one of the three police officers.  He also voluntarily dismissed Counts Four and Six, and a portion of Count Three.  The defendants have filed a motion for partial summary judgment on Count Five which alleges a claim for intentional infliction of emotional distress against the two police officers, and the remaining portions of Count Three which alleges a claim of municipal liability against the City of Philadelphia.  The plaintiff concedes that the City of Philadelphia is entitled to summary judgment on Count Three, but opposes summary judgment on Count Five.

**I. BACKGROUND**

      Mr. Wardlaw claims that in the early morning hours of June 2, 2006, he was walking from his grandmother's home on the 3800 block of North Park Avenue in

Philadelphia to get something to eat at the Clock Bar a couple blocks away.  He was on Germantown Avenue when a police vehicle pulled over.  Defendant Officer Marques Newsome and Defendant Officer Christopher Sharamatew exited their car, and pushed Mr. Wardlaw up against the wall, threw him to the ground, handcuffed him, and beat him about his face, head, and neck.  The plaintiff continued to ask the officers why he was being arrested but in response he was told to shut up and get against the wall.  The defendant officers claimed that the plaintiff had been carrying an open container of alcohol on the street -- a summary offense.  Mr. Wardlaw claims that he was not carrying anything.  Both officers testified that they needed to take Mr. Wardlaw to the ground because he was refusing to comply with their order to turn around, and he was resisting being handcuffed.  See Sharamatew Dep. at 25, 33, 45; see also Newsome Dep. at 41, 47.  Following the alleged assault and the arrest of the plaintiff on the summary offense, the officers recovered narcotics in the plaintiff's possession.

    As a result of the alleged beating, the plaintiff sustained "left eye periorbital hematoma, left eye subconjunctival hemorrhage, various contusions and bruises upon his body and other diverse injuries." See Compl ¶ 15.  Mr. Wardlaw also claims that he suffered pain and suffering and endured humiliation and embarrassment. Id. at ¶ 18.

**II.  LEGAL STANDARD**

    Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A factual dispute is "material" only if it might affect the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  For an issue to be

"genuine," a reasonable fact-finder must be able to return a verdict in favor of the non-moving party. Id.

A party seeking summary judgment initially bears responsibility for informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing relevant portions of the record, including depositions, documents, affidavits, or declarations, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or showing that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Summary judgment is therefore appropriate when the non-moving party fails to rebut the moving party's argument that there is no genuine issue of fact by pointing to evidence that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322; Harter v. GAF Corp., 967 F.2d 846, 852 (3d Cir. 1992).

### III. DISCUSSION

#### A. Count Three – Municipality Liability

The plaintiff indicates that he has not, through discovery, elicited evidence of municipality liability for his constitutional violations, and concedes that the City of Philadelphia is entitled to summary judgment as to all the remaining claims brought in Count Three. Accordingly, I will grant the defendant's motion for summary judgment on Count Three, and enter judgment on behalf of the City of Philadelphia.

**B.  Count Five -- Intentional Infliction of Emotional Distress**

In Count Five, Mr. Wardlaw claims that the conduct of the defendant officers on June 2, 2006 constitutes intentional infliction of emotional distress under the laws of the Commonwealth of Pennsylvania.  The defendants now move for summary judgment on this Count, arguing that the plaintiff has failed to produce any competent medical evidence, in the form of expert medical evidence, to support this claim.  I must agree.

While the Pennsylvania Supreme Court has yet to formally recognize a cause of action for intentional infliction of emotional distress, see Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000), the Pennsylvania Superior Court has recognized the cause of action and has held that, "in order for a plaintiff to prevail on such a claim, he or she must, at the least, demonstrate intentional outrageous or extreme conduct by the defendant, which causes severe emotional distress to the plaintiff."  Reedy v. Evanson, 615 F.3d 197, 231-232 (3d Cir. Pa. 2010) (quoting Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super.2005)) (discussing how the Pennsylvania Supreme Court has indicated that, were it to recognize a cause of action for intentional infliction of emotional distress, these would be the requirements necessary for a plaintiff to prevail on such a claim).  In addition, "a plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct."  Reedy, 615 F.3d at 231-232 (quoting Swisher, 868 A.2d at 1230).  Liability on an intentional infliction of emotional distress claim "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious,

and utterly intolerable in a civilized community." Field v. Phila. Elec. Co., 565 A.2d 1170, 1184 (Pa. Super. 1989).

While the Pennsylvania Supreme Court has not clearly recognized a cause of action for intentional infliction of emotional distress, it has "cited the section [46 of the Restatement of Torts] as setting forth the minimum elements necessary to sustain such a cause of action." Taylor v. Albert Einstein Med. Ctr., 754 A.2d 650, 652 (Pa. 2000). The court held that if the Commonwealth did recognize the tort, the "existence of the alleged emotional distress must be supported by competent medical evidence." Kazatsky v. King David Mem'l Park, Inc., 527 A.2d 988, 995 (Pa. 1987). In addition, "a plaintiff must suffer some type of resulting physical harm due to the defendant's outrageous conduct." Swisher, 868 A.2d at 1230.

The Superior Court of Pennsylvania affirmed the grant of summary judgment to a defendant because a plaintiff "alleged that he suffered bodily harm due to his firing but failed to oppose the summary judgment motion with medical evidence supporting this claim." Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 178 (Pa. Super. 1996) ("For that reason alone, the trial court's dismissal of this count was proper.")

Similarly, here, Mr. Wardlaw has provided no medical evidence to support his claim of injuries. Although he attached to his response pictures alleged to have been taken after the incident purporting to show bruising of his eye, lower lip, and neck, this evidence cannot be considered competent medical evidence, and thus is insufficient to avoid summary judgment. In his complaint, Mr. Wardlaw alleges that he sustained "left eye periorbital hematoma, left eye subconjunctival hemorrhage, various contusions and

5

bruises upon his body and other diverse injuries;" and that he "suffered pain and suffering and endured humiliation and embarrassment." See Compl ¶¶ 15, 18.  In his response to the motion, Mr. Wardlaw argues that the police officers' conduct "would reasonably cause any individual emotional upset and [he] has met his burden in establishing that the defendants' conduct was extreme and outrageous, such that [he] should be able to present his claims that he has suffered emotional distress as a result of defendants' conduct to a jury."  See Pl's Resp. at 8.  I must disagree.

Although he claims injuries as a result of the alleged beating by the two police officers, including "emotional distress," Mr. Wardlaw has not produced any medical evidence to support any of those injuries.  He has not provided copies of hospital records, any evidence regarding emotional injuries resulting from the alleged beating, or any expert medical reports supporting his claim.  Because Pennsylvania courts require competent medical evidence to sustain a claim for intentional infliction of emotional distress, and none has been presented here, the defendants are entitled to summary judgment on this claim.  I will grant the defendants' motion, and enter judgment on behalf of Officer Newsome and Officer Sharamatew.

In the alternative, even if Mr. Wardlaw had offered medical evidence to support his injuries, his claim for the intentional infliction of emotional distress would still fail because the alleged behavior of the police officers cannot be said to be extreme and outrageous.  Courts have defined "extreme and outrageous" quite narrowly, finding that the conduct must "go beyond all possible bounds of decency, and be regarded as

atrocious, and utterly intolerable in a civilized community." Salerno v. Phila. Newspapers, Inc., 546 A.2d 1168, 1172 (Pa. Super. 1988).

Although the alleged beating of Mr. Wardlaw may have resulted in physical and emotional injuries, I cannot say that the officers' conduct was "beyond all possible bounds of decency." Id. The officers both testified that Mr. Wardlaw refused to comply with their order to turn around, and that he resisted being handcuffed. Outrageousness occurs in Pennsylvania jurisprudence only where "the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" Hunger v. Grand Cent. Sanitation, 670 A.2d 173, 177 (Pa. Super. 1996) (quoting Restatement (Second) of Torts § 46 comment d). Average members of our community would not so exclaim upon learning of the officers' conduct toward Mr. Wardlaw on the night of June 2, 2006.

In conclusion, Mr. Wardlaw presents no medical history, expert testimony, or other evidence to establish that he has suffered physical or psychological harm as a result of the officers' conduct. Additionally, the outrageous and extreme conduct needed to pass muster under the standard established by Pennsylvania law is not present here. Accordingly, I will grant the defendants' motion as to Count Five, and enter judgment on behalf of Officer Newsome and Officer Sharamatew.

An appropriate Order follows.